IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA KELLY, )<br>)<br>    Plaintiff, )<br>)<br>    vs. )<br>)<br>MIDLAND FUNDING LLC and )<br>MORGAN & POTTINGER, P.S.C., )<br>)<br>    Defendants. ) | FILED: AUG 26, 2008<br>08CV4862<br>JUDGE ST. EVE<br>MAGISTRATE JUDGE SCHENKIER<br>RCC |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Angela Kelly brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Midland Funding LLC and Morgan & Pottinger, P.S.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and Illinois common law.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection

agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

    b. Defendants transact business within this District.

## PARTIES

6. Plaintiff Angela Kelly is an individual who resides in Cook County, Illinois.

7. Plaintiff Angela Kelly has never resided in Harlan County, Kentucky.

8. Plaintiff Angela Kelly has never signed a credit card agreement in Harlan County, Kentucky.

9. Defendant Midland Funding LLC is a limited liability company chartered under Delaware law with its principal office at 8875 Aero Drive, Suite 200, San Diego, CA 92123. It does business in Illinois. Its registered agent and office are Illinois Corporation Service co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

10. Defendant Midland Funding LLC claims to purchase or acquire charged-off consumer debts and enforces the alleged debts against the consumers.

11. Defendant Midland Funding LLC has filed in excess of 300 cases in the Circuit Court of Cook County, Illinois.

12. The mails and telephones are used in the conduct of the business of Midland Funding LLC.

13. Defendant Midland Funding LLC is a debt collector within the FDCPA.

14. Defendant Morgan & Pottinger, P.S.C. is a Kentucky corporation with offices at 204 East Market Street, Louisville, KY 40202.

15. Defendant Morgan & Pottinger, P.S.C. regularly collects consumer debts allegedly owed by others.

16. Defendant Morgan & Pottinger, P.S.C. states on its Web site that "M&P's collection program is efficient and cost effective. We merge the effectiveness of a law firm with the efficiencies of a collection agency to offer our clients a collection firm that is second to none. We were one of the first firms in the nation to realize the need for a computerized collection system that could handle high volume claims efficiently and cost effectively . . . . Today, we utilize the latest information technology to manage thousands of claims. . . ."

17. The mails and telephones are used in the conduct of the business of Morgan & Pottinger, P.S.C.

18. Defendant Morgan & Pottinger, P.S.C. is a debt collector within the FDCPA.

## FACTS

19. In 2008, defendant Morgan & Pottinger, P.S.C., on behalf of Midland Funding LLC, filed a lawsuit against plaintiff Angela Kelly in the District Court of Harlan County, Kentucky, case 08 C 00534.

3

20. On or about August 8, 2008, defendant Morgan & Pottinger, P.S.C., on behalf of Midland Funding LLC, send plaintiff the letter attached as Exhibit A.

21. On information and belief, the lawsuit sought to collect an alleged credit card debt which, if incurred at all, was incurred for personal, family or household purposes and not for business purposes.

22. Plaintiff Angela Kelly has never resided in Harlan County, Kentucky and never signed any credit card agreement in Harlan County, Kentucky.

23. Plaintiff was damaged by defendants' actions.

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff incorporates paragraphs 1-23.

25. This claim is against both defendants.

26. Defendants violated 15 U.S.C. §1692i by filing suit against plaintiff in Harlan County, Kentucky.

27. Defendants violated 15 U.S.C. §§1692e and 1692e(5) by sending plaintiff Exhibit A.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

28. Plaintiff incorporates paragraphs 1-23.

29. This claim is against Midland Funding LLC.

30. Defendant Midland Funding LLC is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

31. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

32. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

33. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

34. In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." 225 ILCS 425/2 (emphasis added).

35. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

36. Defendant Midland Funding LLC violated the following provisions of 225 ILCS 425/9:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

37. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

38. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a. Compensatory and punitive damages;

    b. Costs.

    c. Such other and further relief as is appropriate.

## COUNT III – ABUSE OF PROCESS

39. Plaintiff incorporates paragraphs 1-23.

40. This claim is against both defendants.

41. Plaintiff was damaged by the taking of legal action in a distant forum.

42. Defendants' actions were carried out for the purpose of preventing plaintiff from defending herself and protecting their statutory rights to exemptions, and were malicious.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    (1) Compensatory and punitive damages;

    (2) Costs of suit;

    (3) Such other or further relief as the Court deems proper.

    s/Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

                                                        s/Daniel A. Edelman
                                                        Daniel A. Edelman

T:\21822\Pleading\Complaint_Pleading.WPD

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A

**MORGAN & POTTINGER, P.S.C.**
**ATTORNEYS AT LAW**
204 E. Market Street
Louisville, Kentucky 40202

Phone: 502-572-7028                                                              Toll Free: 866-999-5168
Fax:   502-560-6800

August 8, 2008



Angela Kelly
16920 OLD ELM DR
Country Club Hills IL 60478

Re:    Midland Funding LLC
       vs. Angela Kelly
       Harlan District Court
       Case No. 08-C-00534
       Account No. ████████        REDACTED
       Our File No. 08Y13567
       Amount due as of this date:
           Principal:       $913.96
           Interest:        $119.79
           Attorney Fees:   $.00
           Court Costs:     $83.12
           Total:           $1,116.87

Dear Angela Kelly:

A civil lawsuit has been filed against you in the above-styled action. Settlement options may be available to satisfy this debt. If this is your intent, please contact our office. We gladly accept Visa and Mastercard for payments over $500.00.

All contact with this office must include our file number.

Sincerely,

Morgan & Pottinger Suit Div
Non-Attorney Account Representative

<u>THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.</u>

08Y13567-ldl7fx.frm